UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROBERT WASSERMAN as THE CHAPTER 7 TRUSTEE for THE CLASSICA GROUP, INC. f/k/a SARATOGA BRANDS, INC., CLASSICA MICROWAVE TECHNOLOGIES, | Civil Case No. 05-2085 (FSH) <br> Chapter 7 Case No. 04-19875 |
| Plaintiff, | **OPINION & ORDER** |
| v. | Date: June 16, 2005 |
| SCOTT HALPERIN, JOSEPH F. GREEN, ALAN RUBIN, BERNARD M. LILLIS, JR., HAROLD FRIEDBURG, SHARON L. LAMONT, C.P.A. AND CRAIG A. PASKO, | |
| Defendants, | |
| and | |
| ADMIRALTY INSURANCE CO. | |
| Defendant. | |

**HOCHBERG, District Judge**

This matter having come before the Court upon Defendants' Motion for a Withdrawal of the Reference, and the Court having considered the submissions of the parties in accordance with Fed. R. Civ. P. 78, and

it appearing that 28 U.S.C. § 157(d) grants a district court permission to withdraw a reference "for cause shown,"[1] and

---

[1] In determining whether to withdraw a reference, the Third Circuit has mandated that the Court consider: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources,

1

it appearing this adversary proceeding arose out of the Classica Group Inc.'s voluntary petition on March 23, 2004 for relief under Chapter 7 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey (Case No. 04-19875), and

it appearing that this adversary proceeding was filed by Robert Wasserman, Chapter 7 Trustee for the Classica Group, against the Classica Group's directors and officers for claims including breach of fiduciary duty, misappropriation, corporate mismanagement, negligence and breach of contract, and

it appearing that Bankruptcy Judge Steckroth has not ruled on whether this adversary proceeding is a core proceeding,[2] and

it appearing that the adversary proceeding shall remain in the United States Bankruptcy Court for all pre-trial proceedings in the interest of judicial efficiency.[3]

---

and expediting the bankruptcy process." *In re Pruitt*, 910 F.2d 1160, 168 (3d Cir. 1990) (citing *Holland Am. Ins. Co. v. Succession of Roy*, 77 F.2d 992, 999 (5th Cir. 1985)); *see also Halvajian v. The Bank of New York*, 191 B.R. 56, 57 (D.N.J. 1995).

[2]The determination of whether the proceeding is core or non-core is significant, but not dispositive of whether to grant a motion to withdraw a reference. Plaintiffs contend that the adversary proceeding contains core issues, while Defendants argue the contrary. If the proceeding is non-core, then Judge Steckroth may hear the proceeding and make recommendations on dispositive motions based on his proposed findings of fact and conclusions of law. 28 U.S.C. § 157(c)(1). The Court does not rule on whether the adversary proceeding is core or non-core and leaves that determination to Judge Steckroth.

[3]Defendants argue that the reference should be withdrawn to serve the interest of efficient judicial administration and because Defendants have filed a jury demand. However, the fact that the adversary proceeding may be a non-core proceeding or that Defendants have a right to a jury does not require the Court to withdraw the reference. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101-02 (2d Cir. 1993) (holding that a district court may conclude, even where the case is non-core and jury demand has been filed, that the case is best left in the bankruptcy court); *In re Lands End Leasing, Inc.*, 193 B.R. 426, 436 (D.N.J. 1996). Judge Steckroth has presided over the Debtor's bankruptcy case for more than a year and therefore has unique knowledge about the this case. If Judge Steckroth determines that the adversary proceeding is non-core, his recommendations, findings and conclusions certainly will assist the Court if it must issue any

**IT IS** on this 16th day of June, 2005,

**ORDERED** that Defendants' Motion to Withdraw the Reference is **DENIED**.

<u>**/s/ Faith S. Hochberg**</u>

Hon. Faith S. Hochberg, U.S.D.J.

---

final judgments of conduct a jury trial. The adversary proceeding is not ready for trial at this time and the Bankruptcy Court shall preside over all pre-trial proceedings.